NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

HARRY SILVERMAN, BY SARAH SILVERMAN, HIS NEXT FRIEND, PETITIONER, v. HARRY WARMAN, RESPONDENT.

**Injury to Foot—Question of. Employment—Complainant's and His Witnesses' Testimony Contradictory and Unreliable—Evidence That Complainant Was Not in Respondent's Employ, But Was Helping Out an Employe of Respondent, Accepted.**

On determination and rule for judgment.

This matter coming on to be heard on petition, answer and proofs taken thereunder on June 23d, 1925, July 15th and August 4th, petitioner being represented by Samuel Green-

stone, Esquire, and respondent by Charles W. Weeks, Esquire, and the court having heard the testimony and the argument of respective counsel finds and determines—

1. Petitioner alleges that while he was in the employ of the respondent the 1st day of November, 1923, he met with an accident while driving a horse and wagon, as a result of which he was thrown from the wagon and his foot crushed. In support of this allegation he testifies that he worked at the request of the respondent for a period of three weeks before the happening of this accident, carting potatoes continuously during that time from one or two railroad yards to the place of business of the respondent. The testimony of the petitioner is inconsistent with the other witnesses he produced to show the employment, in that they all testified they saw him load the wagon with produce at the place of business of the respondent and drive off from there with the loaded wagon. The demeanor of the petitioner and his other witnesses while on the stand, taken together with the several irreconcilable discrepancies in their stories, persuade me to believe that they were not telling the truth and that the petitioner was not employed by the respondent, as he said. In fact, I think that some of the testimony produced by the petitioner amounts to a deliberate misstatement of the facts. I am confirmed in the belief that petitioner and his witnesses are not telling the truth by the testimony of Mr. Todd, who was called on petitioner's behalf, but do not feel that any useful purpose will be served by repeating the substance of Mr. Todd's testimony in this determination.

2. The testimony produced on the petitioner's case is denied almost *in toto* by the respondent and the witness George Hill, who worked for the respondent at the time of the happening of the accident. I believe the testimony of Hill as to the way and manner in which the boy came to be driving the wagon on the day in question is the truth, both from his demeanor on the stand, the inherent probability of his story, and from the fact that he has no interest in this case whatsoever, as he is no longer employed by the respondent. He

was the stableman, and had charge of all the teams which the respondent owned, and he emphatically denies that the boy was employed in carting potatoes for three weeks before this accident, as testified to by the petitioner, and denies that on the day in question he was so engaged. Hill says that he was instructed to cart some potatoes, on the day in question, from the Lackawanna yard, at Orange street, to the petitioner's place of business at Barclay street, in Newark; that he had been so engaged for the greater part of the day, and about four o'clock he had two loads left at the yard; that he was anxious to get away early that evening, and asked the boy if he would consent to follow him to the yard, driving a separate horse and wagon. This the boy consented to do, and while on the return trip the boy failed to follow Hill, and while taking a different route, met with an accident.

3. From all of the testimony, particularly that of Hill, which I believe to be true, I am constrained to the conclusion that the boy was not employed by the respondent, but was driving the wagon at the request of Hill for Hill's personal convenience, and that there was no relationship of employer and employe existing between the petitioner and respondent at the time of the happening of this accident.

It is therefore on this 10th day of August, 1925, ordered and adjudged that the petition filed in the foregoing cause be and the same is hereby dismissed.

HARRY J. GOAS,
*Deputy Commissioner.*